**No. 2017-2078, -2134**

# In the United States Court of Appeals for the Federal Circuit

ACORDA THERAPEUTICS, INC.,
PLAINTIFF-APPELLANT

ALKERMES PHARMA IRELAND LIMITED,
PLAINTIFF-APPELLEE

*v.*

ROXANE LABORATORIES, INC., MYLAN PHARMACEUTICALS INC.,
TEVA PHARMACEUTICALS USA, INC.,
DEFENDANTS-CROSS-APPELLANTS

*APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF DELAWARE*,
*NOS. 14-cv-00882, 14-cv-00922, 14-cv-00935, 14-cv-00941,*
*Chief Judge Leonard P. Stark, presiding*

**REPLY BRIEF FOR DEFENDANTS-CROSS-APPELLANTS ROXANE LABORATORIES, INC., MYLAN PHARMACEUTICALS INC., TEVA PHARMACEUTICALS USA, INC.**

CHARLES B. KLEIN
ANDREW C. NICHOLS
*Winston & Strawn LLP*
*1700 K Street, N.W.*
*Washington, DC 20006*
*(202) 282-5000*

GEORGE C. LOMBARDI
SAMUEL S. PARK
BRYCE A. COOPER
REID F. SMITH
*Winston & Strawn LLP*
*35 W. Wacker Drive*
*Chicago, IL 60601*
*(312) 558-5600*

*Counsel for Defendants-Cross-Appellants Roxane Laboratories, Inc. and Teva Pharmaceuticals USA, Inc.*

[ADDITIONAL COUNSEL LISTED ON INSIDE COVER]

ROBERT L. FLORENCE
KAREN L. CARROLL
MICHEAL L. BINNS
*Parker Poe Adams & Bernstein*
*1180 Peachtree Street N.E.*
*Suite 1800*
*Atlanta, GA 30309*
*(678) 690-5750*

*Counsel for Defendant-Cross-Appellant Mylan Pharmaceuticals Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................... 1

ARGUMENT ........................................................................................... 1

I. Acorda concedes that we accept the findings below, but cannot say how the patent can be legally valid given those findings........................................ 1

II. Cross-Appellants did not waive an argument that the District Court expressly ruled on and that we expressly raised multiple times below........... 5

CONCLUSION......................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ariad Pharm., Inc. v. Eli Lilly & Co.*,
598 F.3d 1336 (Fed. Cir. 2010) ....................2, 3

*Atl. Research Mktg. Sys., Inc. v. Troy*,
659 F.3d 1345 (Fed. Cir. 2011) ....................4

*Billups-Rothenberg, Inc. v. Assoc. Reg'l and Univ. Pathologists, Inc.*,
2011 WL 1601996 (Fed. Cir. 2011) ....................4

*ICU Med., Inc. v. Alaris Med. Sys., Inc.*,
558 F.3d 1368 (Fed. Cir. 2009) ....................4

*Lifestyle Enter., Inc. v. United States*,
751 F.3d 1371 (Fed. Cir. 2014) ....................8

*PowerOasis, Inc. v. T–Mobile USA, Inc.*,
522 F.3d 1299 (Fed. Cir. 2008) ....................4

*Univ. of Rochester v. G.D. Searle & Co., Inc.*,
358 F.3d 916 (Fed. Cir. 2004) ....................5

**Statutes**

35 U.S.C. § 112 ....................1, 3, 6, 7

**Other Authorities**

21 Fed. Prac. & Proc. Evid. § 5037.16 (2d ed.) ....................8

Fed. R. Evid. 103 ....................8

## INTRODUCTION

Acorda's response confirms that the Elan Patent is invalid for violating the written-description requirement of § 112. Acorda never states specifically where the Elan Patent reasonably conveys that the inventors possessed a therapeutically effective, sustained-release formulation of 4-AP. Instead, Acorda cites columns 2 through 22, which, after the prefatory sections, *is the entire patent*. In other words, Acorda cannot point to any specific language that provides the required written description. By itself, that is grounds for reversal.

Instead of addressing the merits of our argument, Acorda attempts to change the subject—complaining that we "[e]xpend[ed] virtually no effort" on our cross-appeal, which "will likely become moot," and that our argument was "waiv[ed]." Opp. 47–48. But everybody agrees the appeal is not yet moot. And as we show below with extensive quotations, we raised the written-description challenge multiple times in the District Court, which resolved it in a definitive, multi-page ruling. The argument is thus properly before this Court, which should reverse.

## ARGUMENT

### I. Acorda concedes that we accept the findings below, but cannot say how the patent can be legally valid given those findings.

In our opening brief, we explained that the Elan Patent is invalid under § 112 for lack of written description based solely on the District Court's factual findings. Br. 5, 61-63. In response, Acorda insists that we presented "no evidence" that the

Elan Patent fails reasonably to "describe an invention understandable to [a] skilled artisan." Opp. 49 (citing *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*)). Acorda is mistaken. As we showed at trial, the very same evidence the District Court found established that the patent's claims were not obvious proves that the patent is invalid for lacking a sufficient written description.

Specifically, we argued at trial that "both Stefoski [] and Davis"—specific pieces of prior art—"confirmed 4-AP's [therapeutic] efficacy." Appx4326 (collecting trial-record cites). But Chief Judge Stark disagreed. He found that a POSA would not "have inferred from" Stefoski and Davis "that success would reasonably be expected from an attempt to develop a therapeutically-effective … formulation for *any* drug, and most particularly for 4-AP." Appx58 (emphasis in original). This same finding, however, renders the Elan Patent invalid for lacking a sufficient written description because the patent likewise relies on Stefoski and Davis as its sole support for therapeutic efficacy. Here is the patent's teaching on therapeutic efficacy: "In clinical trials carried out by Davis [] and Stefoski [] … 4AP has been administered … to MS patients with mild to marked improvements being noted." Appx154 (1:51-61). As Acorda itself put it, "[t]he '938 Patent does not describe clinical testing of the disclosed formulations or provide any new clinical data regarding the use of 4-AP in MS patients. *With respect to 4-AP, the patent references only the work by Davis and Stefoski*[.]" Appx4443 (emphasis added).

Yet, in its responsive brief, Acorda overlooks that this description does not satisfy § 112 given the District Court's unchallenged findings. Stefoski and Davis can satisfy the written-description requirement in the Elan Patent only if they teach therapeutic efficacy. But Chief Judge Stark found that a POSA would not "reasonably … expect[]" therapeutic efficacy based on Stefoski and Davis. Appx58. Thus, Acorda is mistaken to say we failed to offer evidence of lack of written description. In this case, the same evidence does double-duty. It shows that a POSA would not find it obvious to achieve therapeutic efficacy and, *by that same token*, confirms that the patent could not "reasonably convey[] … that the inventor had possession of [a therapeutically effective formulation]." *Ariad*, 598 F.3d at 1351.

In its opposition, Acorda disagrees—yet cannot say why the portions of the patent to which it points in support of its argument actually solve its problem. *See* Opp. 49 (citing Appx154-159 (2:51-12:2); Appx160 (13:39-14:11); Appx160-164 (14:24-22:15)). None does. In fact, closer scrutiny reveals that, by providing these citations, Acorda has done nothing more than point to *every column* of the patent (apart from the abstract and background sections), breaking up the citations to lend an air of specificity. But citing the whole patent is equivalent to citing nothing at all, and confirms that the patent contains no disclosures that satisfy the written-description requirement.

Nor is it relevant to say that "[n]one of the experts testified at trial … that the Elan Patent is invalid due to lack of enablement or written description." Opp. 49. Acorda cites no authority mandating expert testimony to parrot a legal conclusion, and we are aware of none.

To the contrary, this Court often affirms summary judgment orders that invalidate patents for lacking a sufficient written description, including where the orders do so without relying on expert testimony. *See, e.g.*, *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1355–56 (Fed. Cir. 2011) (affirming summary judgment that claims were invalid for lacking a sufficient written description without relying on expert opinion; "[w]hile '[c]ompliance with the written description requirement is a question of fact,' this issue is 'amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party'") (quoting *PowerOasis, Inc. v. T–Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008)); *Billups-Rothenberg, Inc. v. Assoc. Reg'l and Univ. Pathologists, Inc.*, 642 F.3d 1031, 1036–38 (Fed. Cir. 2011) (affirming summary judgment of invalidity for lack of an adequate written description without relying on expert opinion); *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1377–79 (Fed. Cir. 2009) (same). Similarly, as we have explained, here our written-description challenge follows as a matter of law from the unchallenged District Court factual findings.

Acorda is thus mistaken to say that our argument is "contingent" on findings the court declined to make. Opp. 49. To the contrary, the argument is premised on the findings the court *did* make. Acorda's problem is that those findings expose a fatal deficiency of the patent.

Acorda protests that the Elan Patent claims an invention used to treat a "broad genus of neurological diseases, and not a specific method of treatment of one particular symptom of a single, specific disease." Opp. 49–50. That only makes matters worse for Acorda, as the Elan Patent provides no written-description support for a formulation to treat even one of those diseases—meaning Acorda improperly has enjoyed broad patent protection based on an inadequate disclosure. *See Univ. of Rochester v. G.D. Searle & Co., Inc*. 358 F.3d 916, 923 (Fed. Cir. 2004) ("[I]t is well settled that claims in an application which are broader than the applicant's disclosure are not allowable."). The Court should reverse the judgment of validity.

## II. Cross-Appellants did not waive an argument that the District Court expressly ruled on and that we expressly raised multiple times below.

Lacking a tenable argument on the merits, Acorda insists that our cross-appeal should be rejected for "procedural reason[s]," including "mootness" and "waiv[er]." Opp. 47–48. On mootness, Acorda agrees that the Elan Patent expires on July 31, 2018, and thus our cross-appeal could become moot, yet faults us for not "seek[ing]

expedited consideration." Opp. 48. We had no obligation to do that. Therefore, this cross-appeal indisputably remains justiciable, and that is all that matters.[1]

As to waiver, Acorda does not dispute that we raised the written-description defense below at every stage. Opening Br. 65 (collecting citations). So plainly did we raise it that, before trial, Acorda itself listed "[w]hether the specification of the '938 patent includes a written description of … therapeutically effective blood levels" as "an issue of fact that remain[s] to be litigated." Appx3842 (internal citations omitted). As Acorda stated: "Defendants allege that the Asserted Claims of the '938 patent are not enabled and lack written description with respect to the term 'therapeutically effective blood levels.'" Appx3885. Then we raised the issue in our opening statement—alerting the Court that, "depending on the position that plaintiffs take" at trial, "we also … have a 112 defense that is pleaded in the alternative that is directed solely to the Elan [P]atent." Appx323 (8:8-13).

Sure enough, at trial Acorda put on evidence suggesting "that a POSA would have had insufficient information about 4-AP's pharmacokinetics." Appx53. The District Court later agreed, holding that "a POSA would not have known what *in vitro* dissolution profile a sustained-release formulation would have needed to

[1] Contrary to Acorda's "understand[ing]," we have not agreed to refrain from an at-risk launch during this appeal. Opp. 48 n.6. Rather, we agreed that should at least one of the Cross-Appellants decide to launch at risk, Acorda would be notified before launching and any injunction-related briefing would be coordinated.

achieve in order to maintain safe and effective therapeutic blood levels of 4-AP over time." Appx57. To address this possibility, we emphasized in closing that Acorda had proved too much: "If they're arguing that a skilled artisan wouldn't know that 4-AP was a known drug with a known use in 1990, well, the inventors didn't do more tests with 4-AP. So then they've got a written description and potentially an enablement problem. And that is the 112 issue I referenced in opening." Appx1115. We made precisely the same point after trial: "Plaintiffs cannot have it both ways. The inventors of the Elan patent conducted no independent tests on 4-AP in MS patients. The inventors, instead, cited and relied solely on the prior art—studies by Davis and Stefoski…. Therefore, either Davis and Stefoski teach using 4-AP to treat clinical symptoms of MS (including gait) or the Elan patent is invalid for lacking … [a] written description." Appx4376–4377; Appx4513–4516 (reply; same).

Lacking any answer, Acorda says the written-description defense "barely even got mention[ed] at trial." Opp. 48 (citation omitted). But again, the defense did not come to the fore until the District Court found that Stefoski and Davis did not teach therapeutic efficacy. At that point, the Elan Patent's reliance on Stefoski and Davis became an insurmountable problem for Acorda. The question is thus not how much emphasis the argument received, but whether it was preserved. It was—such that it became the subject of a definitive, multi-page ruling. Appx59–62.

Acorda also overlooks that, under Federal Rule of Evidence 103, "if the court makes a 'definitive ruling,' then 'a party need not renew an objection or offer of proof to preserve a claim of error for appeal.'" 21 Fed. Prac. & Proc. Evid. § 5037.16 (2d ed.). And in this Court, as a "general rule," "a party may raise on appeal any issue that was raised *or* actually decided below." *Lifestyle Enter., Inc. v. United States*, 751 F.3d 1371, 1377 (Fed. Cir. 2014) (emphasis in original). Here, the issue was raised, cited, and decided below. It was preserved.

## CONCLUSION

For all these reasons, assuming the Court resolves our cross-appeal before July 31, 2018, the judgment as to the Elan Patent should be reversed; otherwise, as of that date the cross-appeal will become moot.

Respectfully submitted,

/s/ Charles B. Klein
CHARLES B. KLEIN
*Counsel for Defendants-Cross-Appellants Roxane Laboratories, Inc. and Teva Pharmaceuticals USA, Inc.*

/s/ Robert Florence
ROBERT FLORENCE
*Counsel for Defendant-Cross-Appellant Mylan Pharmaceuticals Inc.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Circuit Rule 28.1(b)(2)(A) because it contains 1,827 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word 2010.

Dated: November 27, 2017

*/s/* Charles B. Klein

CHARLES B. KLEIN
*Counsel for Defendants-Cross-Appellants Roxane Laboratories, Inc. and Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on November 27, 2017, I caused the foregoing Reply Brief to be electronically filed with the Clerk of Court using the CM/ECF system, and thereby served via CM/ECF on counsel for Plaintiff-Appellant and Plaintiff-Cross-Appellee.

Date: November 27, 2017

/s/ Charles B. Klein
CHARLES B. KLEIN
*Counsel for Defendants-Cross-Appellants Roxane Laboratories, Inc. and Teva Pharmaceuticals USA, Inc.*